**Dated: November 15, 2021**

**The following is ORDERED:**



Sarah A Hall
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| TRENT DWIGHT FORD AND JILL NICOLE FORD, | ) ) ) | Case No. 21-10574-SAH<br>Chapter 7 |
| Debtors. | ) ) | |
| United States Trustee, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Adv. No. 21-1062-SAH |
| Trent Dwight Ford and Jill Nicole Ford, | ) ) | |
| Defendants. | ) ) ) | |

### SCHEDULING ORDER
Judge Sarah A. Hall

Conference Date: November 15, 2021          Trial Date: April 25, 2022

1

Appearing for Plaintiff:        Marjorie J. Creasey

Appearing for Defendants:    Jerry D. Brown

    The following dates and deadlines are set by the Court:

1. Deadline to complete all disclosures required by Local Rule 7016(b) and Fed. R. Bankr. P. 7026:  November 25, 2021

2. Deadline to file motions to join additional parties and/or to amend pleadings:  December 15, 2021

3. Deadline to file dispositive motions, including motions for summary judgment (responses or objections to such motions shall be filed in accordance with the Local Rule 9013): February 24, 2022  (if the trial date is subsequently continued by order of this Court, then 60 days before the continued trial date)

4. Deadline for all parties to file final lists of witnesses, including expert witnesses, together with addresses and a brief summary of expected testimony where witness has not been deposed: * March 16, 2022  (if the trial date is subsequently continued by order of this Court, then 40 days before the continued trial date)

5. Deadline for all parties to file final exhibit lists and to exchange any exhibits not previously furnished to opposing counsel or pro se party: * March 16, 2022  (if the trial date is subsequently continued by order of this Court, then 40 days before the continued trial date)

    * The final lists of witnesses and exhibits shall be in the form of a pleading filed with the Clerk of this Court and properly served on all parties in interest, identifying the same as the party's final lists of witnesses and exhibits.  Except for reasons of manifest injustice, no witness who is not identified on the final list of witnesses shall be permitted to testify, and no exhibit that is not identified on the final list of exhibits and is not exchanged as set forth above shall be received into evidence.  The requirement of advance identification of witnesses and identification and exchange of exhibits does not apply to witnesses and exhibits presented only for the purpose of impeachment or rebuttal.

6. Deadline to complete all discovery: * March 26, 2022  (if the trial date is subsequently continued by order of this Court, then 30 days before the continued trial date)

    * Responses to written discovery requests must be due before the discovery deadline. Depositions must be concluded, although not necessarily transcribed, before the discovery deadline.

7. Deadline to file objections to expert testimony:  April 5, 2022  (if the trial date is

subsequently continued by order of this Court, then 20 days before the continued trial date)

8. Deadline to file motions in limine: April 5, 2022 (if the trial date is subsequently continued by order of this Court, then 20 days before the continued trial date)

9. Deadline to file objections to motions in limine: April 10, 2022 (if the trial date is subsequently continued by order of this Court, then 15 days before the continued trial date)

10. Deadline to submit proposed Final Pretrial Order, approved by all counsel in accordance with Local Rule 7016(d): * April 15, 2022 (if the trial date is subsequently continued by order of this Court, then 10 days before the continued trial date)

* Unless otherwise ordered, plaintiff's counsel is responsible for initially preparing, circulating, and submitting the Final Pretrial Order. Opposing counsel shall cooperate fully in the preparation of the Final Pretrial Order. Failure to timely submit a joint Final Pretrial Order as required by this Order and/or failure to participate in good faith with opposing counsel concerning the preparation of the Final Pretrial Order may be grounds for sanctions, including, without limitation, the following: striking of a pleading or trial, entry of default judgment, assessment of expenses and fees (against a party or an attorney individually), or such other order as the Court may deem just and appropriate. Failure of plaintiff's counsel to timely initiate the preparation of the Final Pretrial Order does not excuse defendant's counsel from timely submitting such an order on behalf of defendant. Failure of defendant's counsel to cooperate in the timely preparation of the Final Pretrial Order does not excuse plaintiff's counsel from timely submitting a Final Pretrial Order on plaintiff's behalf. **The Final Pretrial Order, when approved by the Court, shall constitute an order of the Court as to all matters contained therein and shall govern the trial of the case, superseding the prior pleadings. Fed. R. Bankr. P. 7016.**

At a **minimum**, the Final Pretrial Order shall contain:

A. The legal and factual issues to be tried;

B. The respective contentions of the parties;

C. The witnesses to be called and a brief summary of the anticipated testimony from each witness;

D. The exhibits to be offered (exhibits not listed in the Final Pretrial Order will not be received into evidence except as may be necessary to prevent manifest injustice);

E. A statement explaining any and all objections to each exhibit listed with references to the appropriate Federal Rule of Evidence and case authorities to support each objection;

      F.      All stipulations of the parties;

      G.      The likelihood of settlement;

      H.      A realistic estimate of the amount of time required to try the matter;

      I.      Signatures from all attorneys of the parties as to the accuracy of the Final Pretrial Order; and

      J.      An appendix prepared by each party's attorney containing a **brief** chronology of the essential materials and relevant events concerning the matter (the parties are directed to the Local Rules for an example of this requirement).

11. Deadline to mark and exchange (with opposing counsel or party(ies)) trial exhibits and to provide two marked sets of trial exhibits to the Court: April 18, 2022 by 12:00 p.m., (if the trial date is subsequently continued by order of this Court, then 5 business days before the continued trial date)

12. Trial Date: April 25, 2022 at 9:30 a.m.

13. Trial briefs and proposed findings of fact and conclusions of law are not required unless specifically requested by the Court.

14. Stipulations of fact are strongly encouraged and may be submitted at any time. However, any stipulations agreed to before trial should be included in the Final Pretrial Order.

15. Unless there are any objections to exhibits raised in the Final Pretrial Order, all exhibits listed in the Final Pretrial Order will be deemed admissible in evidence. Local Rule 7016(a).

16. If any of the specific deadlines set forth above is a date that falls on a Saturday, Sunday, legal holiday, or day that the Court is not open, then such deadline is deemed to roll over, similar to operation of Federal Rule of Bankruptcy Procedure 9006(a)(1), and the new deadline is the next day that is not a Saturday, Sunday, legal holiday, or day that the Court is not open.

17. Additional time for the performance of an act required or allowed to be done in this Order shall not be granted except for good cause. All requests must meet the requirements of the Local Rules. Local Rules 9006 and 9013.

18. Continuances of the trial date shall not be granted except for compelling reasons. Further, in the absence of unforeseeable personal reasons, continuances shall not be granted within 20 days prior to the trial date.

19. Settlements or other dispositions of this adversary proceeding must be communicated to the

>   Court immediately and the necessary papers tendered as soon as practicable.

20. Parties not represented by counsel are advised that the requirements of this Order, the Local Rules, the Federal Rules of Bankruptcy Procedure and the Federal Rules of Evidence are not lessened because they are not represented by counsel. All pro se parties are advised to obtain the advice and services of an attorney.

21. **WILLFUL AND DELIBERATE FAILURE OF A PARTY OR COUNSEL TO COMPLY WITH THE REQUIREMENTS OF THIS ORDER OR TO COOPERATE WITH THE OPPOSING PARTY OR COUNSEL IN COMPLYING WITH THIS ORDER MAY BE CAUSE FOR APPROPRIATE SANCTIONS.**

###