UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| **TRENT DWIGHT FORD AND** | ) | **BK-21-10574-SAH** |
| **JILL NICOLE FORD,** | ) | |
| Debtors. | ) | Chapter 7 |
| | ) | |
| **United States Trustee** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Adv. Number: 21-1062 |
| **Trent Dwight Ford and** | ) | |
| **Jill Nicole Ford,** | ) | |
| **Defendants.** | ) | |

## SUBPOENA TO PRODUCE

TO:   Square, Inc.
       1455 Market Street Ste. 600
       San Francisco, CA 94103
       Attn: Legal Department – Legal Process

**YOU ARE COMMANDED**, pursuant to FED R. BANKR. P. 9016 (adopting Rule 45 of the FED. R. CIV. P.) to produce and permit inspection and copying of the following records and documents set forth in the attached request within 30 days after the service of this request unless otherwise agreed to: Marjorie J. Creasey, Office of the of United States Trustee, 11300 NE 150th Street, Jones, OK 73049; (405) 202-9158 (e-mail: marjorie.creasey@usdoj.gov).

Pursuant to Rule 45(a)(1)(D) of the FED. R. CIV. P as adopted by Rule 9016 of the FED. R. BANKR. P. the following information from Rule 45 subdivisions (c) and (d) is reproduced:

**(c) Protection of Persons Subject to Subpoenas.**

**(1)** A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

**(2)(A)** A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

**(B)** Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

**(3)(A)** On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) falls to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

**(B)** If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

**(1)** A person responding to a subpoena to produce documents shall produce

them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

**(2)** When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Dated: December 10, 2021

Issuing Officer Signature and Title,

s/Marjorie J. Creasey
Marjorie J. Creasey, OBA #17819
Assistant United States Trustee
Office of the United States Trustee
215 Dean A. McGee, Fourth Floor
Oklahoma City, OK  73102
(405) 231-4393\231-5958 [fax]

**DEFINITIONS**

A. The term "Debtor," shall mean the debtor in the above referenced bankruptcy case, **Trent Dwight Ford and Jill Nicole Ford.**

B. The term "Records" means any information, record, document, data, communication or statement in any format, written or electronic, that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with or is in any manner whatsoever pertinent to that subject.

C. The terms "and" and "or" shall be construed either disjunctively or conjunctively whenever appropriate in order to bring within the scope of these discovery requests. In addition, the singular form of a word shall be interpreted as plural and the plural form of a word shall be interpreted as singular in order to bring within the scope of these discovery requests. Each of the functional words "each," "every," "any" and "all" shall be deemed to include each of the other functional words. The terms "identify," "refer," "relate," "evidence" or "pertain" shall be deemed to include each of the other functional words.

D. If you fail to provide any information sought by these discovery requests because the

information or records have been lost, destroyed or are otherwise no longer available, you should identify the information or records sought and explain in detail the circumstances surrounding its unavailability.

**Request for Production**

1. For any and all accounts of the following persons and/or entities, please provide information/documents for the time period of January 2020 through September 30, 2021 including documents evidencing any and all communication regarding the following, including, but not limited, to e-mails and texts of any and all communications from/to the below listed persons and entities: as well as documents evidencing applications for credit; e-mail or other written correspondence; notes or phone logs from any and all oral communications; payment histories; records of payments; disbursement histories; records of disbursements; monthly account statements, transfer information, monthly reports of sales/monies in and monthly reports of disbursements/monies out.

| | |
|---|---|
| **Trent Dwight Ford** | **SSN**  |
| **Jill Nicole Ford** | **SSN** |
| **Oliver and Olivia Children Apparel, Inc.** | **EIN** |
| **Printed Tees Shirt Company** | |
| **Buffalo Shirt Company** | |

As well as any and all accounts for which the above mentioned individuals exercise dominion and control including, but not limited to, any entities related to the above social security numbers and tax identity numbers.